FILED

June 29, 2017

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 10:48 AM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| **DANIEL COFFEY,** | ) | **Docket Nos: 2016-05-0132,** |
| **Employee,** | ) | **2016-05-0118** |
| | ) | |
| **v.** | ) | **State File Numbers: 11206-2016,** |
| | ) | **9740-2016** |
| | ) | |
| **NISSAN NORTH AMERICA, INC.,** | ) | |
| **Employer,** | ) | **Judge Dale Tipps** |
| **And** | ) | |
| | ) | |
| **SAFETY NATIONAL CAS. CORP.,** | ) | |
| **Insurance Carrier.** | ) | |

## COMPENSATION HEARING ORDER

This matter came before the undersigned Workers' Compensation Judge on June 22, 2017, for a Compensation Hearing under Tennessee Code Annotated section 50-6-239 (2016). The central legal issues are: (1) whether Daniel Coffey suffered a compensable hearing loss arising primarily out of and in the course and scope of his employment at Nissan; (2) if so, whether he is entitled to any permanent partial disability benefits; and, (3) whether he is entitled to future medical benefits for his hearing loss.[1] For the reasons set forth below, this Court holds that Mr. Coffey failed to establish by a preponderance of the evidence that he sustained an injury primarily arising out of and in the course and scope of his employment with Nissan. Accordingly, the Court holds that Mr. Coffey is not entitled to the requested medical and permanent disability benefits.

---

[1] Mr. Coffey originally filed two Petitions for Benefit Determination (PBD), which the Court consolidated into this case. The final Dispute Certification Notice indicated the only disputed issues were related to his hearing loss claim. Mr. Coffey confirmed during the hearing that he waived his claim for the second alleged injury, a cardiac problem, during post-discovery mediation.

1

## History of Claim[2]

Mr. Coffey began working at the Nissan plant in Smyrna in 2011 as an employee of Yates, a Nissan subcontractor. He became a Nissan employee in March 2015, working as a forklift operator. He testified that he had a hearing test in August 2014 (while working for Yates), which showed hearing loss. Although he was a Yates employee, Mr. Coffey provided documentation of this test to his Nissan supervisor, Donnie Jordan.

After he became a Nissan employee, Mr. Coffey reported his hearing loss and a significant increase in the ringing in his ears to his supervisor, Tom Knoblett, in October 2015. He repeated this notice to Mr. Knoblett in January 2016 and asked to go to the doctor. Mr. Knoblett did not offer him any treatment or evaluation. Mr. Coffey subsequently took FMLA leave to care for his ailing father. Nissan terminated his employment on May 5, 2016, before he returned to work.

Mr. Coffey submitted two medical records. The first was an Individual Hearing Evaluation Letter from Occupational Fitness, Inc., dated August 7, 2014. It showed Mr. Coffey had "a mild loss in hearing." The second record came from a Concentra Medical Center evaluation on May 8, 2017. This report concluded that Mr. Coffey suffered from high-frequency hearing loss in his left ear.

At the prior Expedited Hearing, Nissan submitted two affidavits executed by Mr. Knoblett. Regarding the hearing loss, he stated, "To my recollection, Mr. Coffey did not report this condition as a work related injury. If Mr. Coffey had reported this condition as a work related injury, an Employee/Manager Medical statement would have been completed and Mr. Coffey would have been sent to the on-site medical clinic." Mr. Knoblett further stated Mr. Coffey did not request medical treatment for the claimed work-related hearing loss or comply with Nissan's injury reporting rules.

Following the Expedited Hearing, the Court issued an Order on September 30, 2016. The Court found that Mr. Coffey appeared unlikely to meet his burden of proving a compensable injury but determined that he was entitled to a panel of physicians. It appears Mr. Coffey received the panel, but neither party submitted any medical records from his panel physician.

Mr. Coffey claimed to have suffered hearing loss while working for Nissan. He asserted he is entitled to medical and permanent disability benefits because he gave clear and repeated notice of his problems to Mr. Knoblett, who simply refused to report the

---

[2] In determining this claim, the Court takes judicial notice of testimony heard and exhibits admitted into evidence at the prior in-person Expedited Hearing. *See Hughes v. New Life Dev. Corp*., 387 S.W.3d 453, 457 n.1 (Tenn. 2012) ("we are permitted to take judicial notice of the facts from earlier proceedings in the same action").

injuries or provide any treatment.

Nissan countered that Mr. Coffey is not entitled to any workers' compensation benefits. It argued that it received no notice of his condition until Mr. Coffey filed the PBD in February 2016. As this does not meet the statutory notice requirements, Mr. Coffey's claim is barred.

In the alternative, Nissan contended Mr. Coffey has not met his burden of establishing that his hearing loss arose primarily out of and in the course and scope of his work with Nissan, because he submitted no medical opinions addressing causation. It noted that an August 2014 hearing test identified the left-ear hearing loss several months before Mr. Coffey became a Nissan employee. It also noted that Mr. Coffey was exposed to loud noises at his prior jobs. Nissan pointed to a lack of evidence that Mr. Coffey's work at Nissan worsened the condition.

**Findings of Fact and Conclusions of Law**

The following legal principles govern this case. Mr. Coffey has the burden of proof on all essential elements of his claim. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). "[A]t a compensation hearing where the injured employee has arrived at a trial on the merits, the employee must establish by a preponderance of the evidence that he or she is, in fact, entitled to the requested benefits." *Willis v. All Staff*, 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at *18 (Nov. 9, 2015); *see also* Tenn. Code Ann. § 50-6-239(c)(6) (2016) ("[T]he employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence.").

Mr. Coffey's burden includes proving his hearing loss arose primarily out of and in the course and scope of the employment. To meet this burden, he must show his injury was "caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence." Further, he must show, "to a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(14) (2016).

Applying these principles to the facts of this case, the Court cannot find that Mr. Coffey met this burden. The only two medical records submitted indicate he suffers from some degree of hearing loss, but they fail to address causation. Absent any medical opinion regarding the cause of his hearing loss, Mr. Coffey cannot prove "to a reasonable degree of medical certainty" that his work "contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes."

3

Accordingly, this Court concludes that Mr. Coffey failed to establish by a preponderance of the evidence that he sustained a compensable injury arising primarily out of and in the course and scope of his employment with Nissan.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Coffey's case against Nissan and its workers' compensation carrier is dismissed with prejudice against refiling it.

2. Costs of $150.00 are assessed against Nissan under Tennessee Compilation Rules and Regulations 0800-02-21-.07 (2015), to be paid within five days of this order becoming final.

3. Nissan shall prepare and file a statistical data form within ten business days of the date of this order under Tennessee Code Annotated section 50-6-244 (2016).

   **ENTERED this the 29th day of June, 2017.**


_____
              **Dale Tipps**
              **Workers' Compensation Judge**

4

# APPENDIX

Exhibits:

1. Concentra Non-Injury Work Status Report
2. Hearing History Questionnaire
3. Occupational Fitness, Inc., Hearing Evaluation Letter

Technical Record:

1. Petition for Benefit Determination
2. Post-Discovery Dispute Certification Notice
3. Nissan's Exhibit and Witness Lists
4. Nissan's Pretrial Statement
5. September 30, 2016 Expedited Hearing Order

The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Compensation Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Compensation Hearing Order was sent to the following recipients by the following methods of service on this the 29th day of June, 2017.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|------|------|------|------|
| Daniel Coffey | | | X | Coffeybean24@gmail.com |
| Thomas Tucker, Esq. | | | X | tomtucker@bellsouth.net |

_____
**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov